UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES,

    Plaintiff,

                                           CASE No. 1:24-CV-519

v.

                                           HON. ROBERT J. JONKER

AT&T,

    Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

### INTRODUCTION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 17) and Plaintiff's Objection to the Report and Recommendation (ECF No. 18). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its de novo review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

## FACTUAL BACKGROUND AND PROCEDURAL POSTURE

This lawsuit is one of several cases Plaintiff filed in this district against various business entities alleging that his personal information had been exposed in data breaches at each company.[1] In the instant Complaint, Plaintiff sues AT&T. Plaintiff alleges that on May 6, 2024, he received a notice from AT&T that his personal information had been released on the dark web. (Compl. ¶ 6). This information allegedly included his account number, name, email and mailing address, phone number, social security number, date of birth, passcode, and other information. (*Id.* at ¶ 7). He alleges AT&T maintained inadequate security measures that "allowed unauthorized access to sensitive data." (*Id.* at ¶ 8). Plaintiff further alleges that as a result of the breach he has "suffered negligent infliction of emotional distress from the stress and worrying due to unauthorized access." (Compl, ¶ 14). He seeks an award of $1,750,000.00 in compensatory and punitive damages.

As the Magistrate Judge correctly observed, Plaintiff is subject to a pre-filing screening restriction that requires any judicial officer reviewing an application from Plaintiff to proceed *in forma pauperis* to first determine that the complaint survives screening under the standards of 28 U.S.C. § 1915(e)(2). Accordingly, the Court conducts an initial review of the complaint under

---

[1] In a recent decision, this Court has summarized the three rounds of data breach lawsuits Plaintiff has filed in this district. *See Sifuentes v. Pluto TV*, No. 1:23-cv-1013 ECF No. 26 (W.D. Mich. Jan. 21, 2025).

that provision to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. Here, the Magistrate Judge recommends that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) be denied and that Plaintiff be required to pay the full filing fee because Plaintiff's Complaint does not pass muster under Section 1915(e)(2). In his Objections, Plaintiff primarily reiterates the meritless arguments that are now rote across several cases. The arguments here fail for the same reasons they did in those cases.

## FAILURE TO STATE A CLAIM & SUBJECT MATTER JURISDICTION

Under Federal Rule of Civil Procedure, 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a

3

> plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"— "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Even giving the instant Complaint the liberal construction it is due given Plaintiff's pro se status, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), it fails to satisfy the *Twombly/Iqbal* standard because it contains nothing more than legal conclusions. Indeed, it appears to present a paradigmatic example of an "unadorned, the-defendant-unlawfully-harmed-me accusation" which is insufficient to state a cause of action. *See Iqbal*, 556 U.S. at 678. Plaintiff's Complaint alleges that AT&T suffered a data breach, and he speculates he might be harmed in the future. There is little more than that. To be sure, he asserts in the most conclusory manner that AT&T breached a duty to safeguard his personal information and also breached the Terms and Conditions of a contract governing their relationship. He believes that "identity theft is imminent." Plaintiff further complains that AT&T did not promptly notify him of the breach and maintained a deceptive practice of covering the breach and not taking measures to inform him of the breach. But Plaintiff completely fails to allege any facts supporting all these contentions. Accordingly, Plaintiff fails to satisfy the pleading standard because he does not allege what about the data breach constituted a breach of a duty that AT&T allegedly owed to him; or how it violated an agreement that Plaintiff supposedly had with AT&T. Plaintiff does not even allege when the breach supposedly occurred. The May 6, 2024, Notice of Data Breach Plaintiff attaches to his Complaint

4

(ECF No. 1-1) merely states that a dataset was released on the dark web on March 17, 2024, and that AT&T determined on March 26, 2024, that customer information was included in this release. Plaintiff fails to allege any facts supporting his claim that AT&T did not promptly notify him of the breach and instead maintained a deceptive practice of covering up the breach. For all these reasons, the complaint does not survive screening.[2]

As the Magistrate Judge also correctly observed, the Complaint is defective for a more fundamental reason: it fails to properly allege subject matter jurisdiction. Plaintiff claims that diversity jurisdiction exists, but he fails to allege complete diversity. In particular, Plaintiff claims only to be a "resident" of Michigan. Residency and citizenship are separate concepts, and it is citizenship – not residency – that controls for purposes of diversity. As a result, complete diversity of citizenship is called into question.[3] *See Kaiser v. Loomis,* 391 F.2d 1007 (6th Cir. 1968); *Ford Motor Company v. Collins*, 2011 WL 5877216 (E.D. Mich. Nov. 23, 2011) (applying *Kaiser* to dismiss a case premised on diversity jurisdiction where the complaint established only residency, not citizenship).

More problematic, however, is Plaintiff's allegation concerning the amount in controversy. The applicable rule in a diversity case is that "the sum claimed by the plaintiff controls if the claim

---

[2] The Court acknowledges Plaintiff has sought leave to amend his Complaint. He does not provide that proposed amendment, but he states it "does not introduce any new factual allegations" and instead "simply seeks to add legal theories of recovery based on the same set of operative facts." (ECF No. 11, PageID.55). Accordingly, this does not disturb the Court's conclusion that Plaintiff's Complaint fails to allege facts that, accepted as true, would state a claim on which relief can be granted.

[3] The Court recognizes Plaintiff's pro se status. The Court notes, however, that Plaintiff was previously apprised of what must be alleged to satisfy complete diversity of citizenship in an order in a separate lawsuit dated well before this lawsuit was filed. *See, e.g.*, Order, *Sifuentes v. Zoosk Inc.*, Case No. 1:22-cv-1170 (W.D. Mich. July 21, 2023) (ECF No. 31, PageID.122-123).

is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The "[m]ere averment of the amount claimed to be in controversy is not enough to confer jurisdiction." *Mosley v. Equifax, Inc.*, No. CV 19-11226, 2019 WL 2539349, at *1 (E.D. Mich. June 20, 2019) (citing *Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967)). In this case, Plaintiff says he seeks compensatory and punitive damages of $1,750,000.00. But the Court does not agree that the claim is made in good faith.

Where a party alleges excessive damages beyond any reasonable expectation of recovery, jurisdiction does not attach. *Jennings v. Ford Motor Co.*, 56 F.3d 64 (6th Cir. 1995) (unpublished disposition) (citing *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976)). In this case, Plaintiff has entirely failed to allege any facts that would demonstrate he could meet the jurisdictional threshold, much less the amount he seeks. Even under the most generous reading, Plaintiff's complaint for damages is purely speculative and devoid of any allegations to support his request for compensatory and punitive damages.[4] Plaintiff believes that the use of his stolen information is "imminent" and seemingly conjectures a parade of horribles from that possibility that he hypothesizes could approach over a million dollars in compensatory and punitive damages.

---

[4] Plaintiff provides no authority, even in his objections, for his claim that he is entitled to punitive damages, which are generally unavailable under Michigan law. *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 400 (2006) (Punitive damages are generally not recoverable in Michigan unless expressly authorized by statute.). Even if they could somehow be available to Plaintiff, "such damages must bear some relationship to his actual damages." *See Mosley*, 2019 WL 2539349, at *2 (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) (The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor.")). There is nothing here to tether a claim for punitive damages to any actual damages.

That is not enough to allege a plausible claim for damages. In fact, Plaintiff's request for damages is similar to those he musters in other complaints and which other courts have determined did not allege a plausible claim that he suffered damages in the claimed amounts. *See Sifuentes v. Capital One*, No. 23-4088, 2023 WL 6060382, at *4 (10th Cir. Sept. 18, 2023).

In sum, the request for compensatory and punitive damages is excessive in comparison to the scant facts alleged in support of the claim and the Court agrees with the Magistrate Judge that this evidences a lack of good faith. *See Mosley*, 2019 WL 2539349, at *2 (no subject matter jurisdiction where plaintiff failed to identify any actual damages arising from data breach). The Magistrate Judge recommends the Court deny the pending *ifp* motion and order plaintiff to pay the full filing fee in order to proceed. However, even if Plaintiff were to pay the filing fee, the action would be subject to dismissal for the reasons set out above. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Doe v. Oberlin College*, 60 F.4th 345 (6th Cir. 2023). Because the Court has determined subject matter jurisdiction is lacking, the Court will dismiss the matter for lack of subject matter jurisdiction and dismiss the other pending motions under Section 1915(e)(2) and this Court's previous screening order. *See Sifuentes v. Cellco Partnership*, No. 1:24-cv-820 ECF No. 14 (W.D. Mich. Aug. 23, 2024) (dismissing action for lack of subject matter jurisdiction).

## OBJECTIONS

Nothing in Plaintiff's Objections changes things. In the main, he musters several structural complaints to how this lawsuit, and others he has filed in this district, have been handled by this Court, as well as by courts in the Eastern District of Michigan and the Sixth Circuit Court of Appeals. But as has now been repeatedly pointed out to him, Plaintiff is factually and legally wrong about all of it.

To begin, Plaintiff objects to his filing restriction. He believes that the filing restriction should be lifted and that the Report and Recommendation that is based on the restriction should therefore be rejected. The Court disagrees. As set out in previous orders, the Court imposed a pre-screening filing restriction after Plaintiff filed several meritless lawsuits and engaged in vexatious litigation tactics. The Sixth Circuit Court of Appeals found that the Court did not abuse its discretion by imposing the restriction, and the current record only reinforces the necessity of those restrictions, as this Court recently observed. *See* Order, *Sifuentes v. Twitter*, No. 1:23-cv-981 (W.D. Mich. Jan. 21, 2025) (ECF No. 28).

In his next structural argument, Plaintiff argues that the Magistrate Judge lacked jurisdiction to issue a Report and Recommendation in this matter. Under Plaintiff's read of things, he has declined to consent to the Magistrate Judge and—absent his consent—the Magistrate Judge could not perform any action at all. That is simply incorrect. *See id.* at PageID.160-161 ("As the Court has now repeatedly explained to Plaintiff, consent is only required when a magistrate judge conducts all proceedings in a case, including determining dispositive motions and entering judgment."). Under Section 636(b) of the Federal Magistrates Act, an Article III judge may designate a magistrate judge to conduct hearings and to submit "proposed findings of fact and recommendation for the disposition" of certain dispositive matters—such as a recommendation that the Court dismiss a case. *See* 28 U.S.C. § 636(b)(1)(B). Plaintiff vehemently believes that the parties' consent is required before the Court may so designate, but that is not what the statute

8

says.  *See Sifuentes v. Laser Access LLC,* No. 1:23-CV-144, 2024 WL 4721694, at *2 (W.D. Mich. Oct. 22, 2024) (Beckering, J.) (rejecting identical contentions).[5]

Plaintiff proceeds to claim that even if magistrate judges in general can issue reports and recommendations without consent, the Magistrate Judge in this case could not because the magistrate judge—along with all the judges in this district, the Eastern District of Michigan and those in the Sixth Circuit Court of Appeals—are biased against him.  In a "turtles all the way down" type of argument, Plaintiff reasons this is so because, he says, the decisions in his cases are based on the result of other cases that were erroneously dismissed and not on the allegations in each specific complaint.  Not so.  To the contrary, the Magistrate Judge expressly dealt with the allegations in this specific Complaint and correctly applied the law to the facts as alleged.  The undersigned has also done so here.  That the Magistrate Judge, other judges, or the undersigned, sometimes refer to other cases in the course of decision making—for example referencing Plaintiff's filing restriction, or citing to other instances in which an argument made by Plaintiff had been denied—does not demonstrate any bias.  And Plaintiff's mere displeasure with earlier rulings is no basis for judicial disqualification either.  *See Liteky v. United States,* 510 U.S. 540, 547-48 (1994).

---

[5] In other filings, Plaintiff has pointed to practices from district courts in California that apparently provide a consent form when a pro se complaint is filed.  This Court has a similar form that is readily available on this District's website: *See* NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE *available at* United States District Court Western District of Michigan, *Civil Forms*, https://www.miwd.uscourts.gov/civil-forms.  That some courts mail a form, and others provide a form on their website does not mean there is a statutory or constitutional violation.  And, to be sure, there is no statutory or constitutional requirement for the parties' consent before a matter is referred to the magistrate judge for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).

Next, Plaintiff quibbles with the standard of review that has been applied to this lawsuit. He believes that the Court will not perform a de novo review of the Magistrate Judge's Report and Recommendation, and that both the Magistrate Judge and the undersigned have failed to recognize his pro se status. Contrary to Plaintiff's belief, the Court has performed a de novo review based on Plaintiff's objections. That the undersigned agrees with the Magistrate Judge does not mean that the Court did not perform a de novo review. Plaintiff would also apparently have the Court disregard the Magistrate Judge's Report and Recommendation entirely, but that is not what de novo review means as the authority discussed above makes clear. *See also Mathews v. Weber*, 423 U.S. 261, 268 (1976) (noting that in enacting Section 636(b), Congress hoped to "establish a system capable of increasing the overall efficiency of the Federal judiciary[.]"). Plaintiff is correct that as a pro se litigant, the Court should apply a liberal construction of the pleadings. The problem for Plaintiff is that even under this liberal construction, his Complaint still fails to contain sufficient factual matter to state a claim for relief that is plausible on its face.

Accordingly, Plaintiff's structural arguments are all patently without merit. That leaves Plaintiff with a conclusory assertion that he has done enough to establish subject matter jurisdiction and state a plausible claim for relief consistent with *Twombly* and *Iqbal*. He offers nothing more than his say so here. Accordingly, it does nothing to disturb the Court's analysis, set out above, that his Complaint must be dismissed for lack of subject matter jurisdiction and failure to state a claim.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 17) is **APPROVED AND ADOPTED** as the Opinion of the Court to the extent specified above.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed Without Prepayment and Fees (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Consolidate (ECF No. 7) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (ECF No. 11) is **DENIED AS FUTILE.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to Issue Summons (ECF No. 16) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim under Section 1915(e)(2) and this Court's November 2023 filing restriction Order. *See Sifuentes v. Dave, Inc.*, 1:23-cv-984, ECF No. 18 at PageID.78-80 (W.D. Mich.). The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

A separate Judgment shall enter.


Dated:   January 30, 2025                         /s/ Robert J. Jonker
                                                  ROBERT J. JONKER
                                                  UNITED STATES DISTRICT JUDGE